

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Walter Cousins, Jr.
Sec., Texas Board of Pharmacy
911 Southland Life Annex Bldg.
Dallas-1, Texas

Dear Sir:

Opinion No. 0-7336
Re: Interpretation of Sec. 9, Art. 4542a,
V.A.C.S., as to citizenship require-
ments of applicants for license as
pharmacist in Texas.

Your letter requesting an opinion of this Department,
under date of Aug. 2, 1946, relates the following facts:

"We have had a request from a June 1946 graduate of
the University of Texas, College of Pharmacy, who is a
citizen of Honduras for an interpretation of Section 9,
Article 4542-A Revised Civil Statutes relating to the
requirements of applicants for license as pharmacist in
Texas.

"The question involves the fact that that Section of
the law requires the applicant among other things be a
citizen of the United States.

"This applicant is applying for United States Citizen-
ship and it is our desire to know if it is possible for
him to take examinations for license as pharmacist upon
filing application for citizenship papers?"

Article 4542a, Sec. 9, V.A.C.S., in part provides:

"Every person desiring to practice pharmacy in the
State of Texas shall be required to pass the examination
given by the State Board of Pharmacy. The applicant shall
make application by presenting to the Secretary of the
Board, on forms furnished by the Board, satisfactory sworn
evidence that he has attained the age of twenty-one (21) years,

Hon. Walter Cousins, Jr., page 2

is of good moral character, is a citizen of the United States, and has at least graduated from a first grade high school, or has a preliminary education equivalent thereto, permitting matriculation in the University of Texas, and that he has attended and graduated from a reputable university, school or college of pharmacy which meets with the requirements of the Board, and shall have had at least one (1) year of practical experience in a retail pharmacy under the direct supervision of a registered pharmacist. . . .

". . .

". . . Provided that the State Board of Pharmacy may in its discretion, upon the payment of Twenty-five ($25.00) Dollars, grant a license to practice pharmacy to persons who furnish proof that they have been regis- as such in some other state or territory, and that they are of good moral character, provided that such other Board in its examination required the same general degree of fitness required by this state, and grants the same reciprocal privileges to pharmacists of this state."

Although we have quoted the last sentence of Sec. 9, which vests discretion in the Board as to certain reciprocal privileges to out of State or territory applicants, your request raises no question under this proviso, as the applicant is a non-registrant citizen of a South American country.

One of the specific requirements set forth in Sec. 9 is that each applicant on his application form furnished by the Board shall present satisfactory sworn evidence that he is a citizen of the United States. The filing of an application for citizenship papers would not meet this requirement. We find no provision in the law, Section 9 or elsewhere, authoriz- ing the State Board of Pharmacy to waive this requirement.

Answering your request, it is the opinion of this Department that in order to take the examination for a license as a pharmacist, an applicant must furnish satisfactory sworn evidence that he is a citizen of the United States, as required in Sec. 9, Art. 4542a, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. R. King
Assistant

WJRK:AMM

